**Marlene B. PEARSON and William J. Pearson, her husband, Plaintiffs,**

v.

**George J. BOINES, M.D. and George P. Liarakos, M.D., Defendants.**

Superior Court of Delaware, New Castle County.

Submitted Oct. 8, 1976.

Decided Dec. 17, 1976.

Arthur J. Sullivan, Wilmington, for plaintiffs.

Stuart B. Young, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant Boines.

Jane R. Roth, of Richards, Layton & Finger, Wilmington, for defendant Liarakos.

O'HARA, Judge.

This is a medical malpractice case. Defendants have moved for dismissal on the grounds that plaintiffs' claim is barred by the statute of limitations.

In early 1972, Dr. Boines, a specialist in multiple sclerosis, examined Mrs. Pearson and concluded that she was suffering from the disease. He advised her that she should have no more children and went on to recommend that she have something done so she could not. On March 27, 1972, Mrs. Pearson signed a consent to have a sterilization operation performed by Dr. Liarakos, a specialist in obstetrics and gynecology. Two days later, Dr. Boines wrote Dr. Liarakos confirming a diagnosis of multiple sclerosis and suggested a tubal ligation as an "absolute medical necessity." Plaintiffs allege also that Mrs. Pearson was led to believe the operation was of this extreme importance. On May 23, 1972, the operation was successfully performed.

However, two years later, in mid-1974, Mrs. Pearson's treating physician, Italo V. Monteleone, M.D., allegedly told her she did not have multiple sclerosis and never did. Plaintiffs argue it was at this point that the Pearsons learned the sterilization had not been necessary. Plaintiffs have also filed an affidavit of another doctor saying sterilization is not required *even with* multiple sclerosis. In addition, they have cited writings by experts whose opinions amount to much the same conclusion.

Judge Joseph T. Walsh of this Court, in *Pearson v. Boines,* unreported opinion, C.A. 1097 (1976), denied defendants summary judgment motion based on the grounds that no issue of material fact existed. The motion now before the Court raises the two year statute of limitations as a bar to the suit since the operation occurred in May, 1972 and the complaint was filed November 21, 1974.

Obviously, defendants will prevail in this argument unless some theory is found which has operated to toll the statute and permit the suit. Plaintiffs argue that the "inherently unknowable injury" theory, the only such theory specifically adopted in Delaware for this purpose, applies. They cite *Layton v. Allen,* Del.Supr., 246 A.2d 794 (1968). That case stood for the proposition that an injury is sustained when the harmful effect first manifests itself and becomes physically ascertainable. Plaintiffs argue that this occurred when Dr. Monteleone informed Mrs. Pearson that she did not have multiple sclerosis. Defendants counter by saying that the injury was Mrs. Pearson's inability to have children, a fact perceptible to her from the time of the operation. Only in a case where the plaintiff is blamelessly ignorant of the injury and the wrongful act, they argue, will the statute of limitations not run. *Layton v. Allen,* supra.

The Court must conclude that plaintiffs' reliance on *Layton v. Allen,* supra, is misplaced. The holding of the case, having dealt with unknowable conditions in a *physical* sense, is far too narrow to embrace the situation here, where the physical state of Mrs. Pearson was immediately manifest. See also, *Lembert v. Gilmore,* Del.Super., 312 A.2d 335 (1973); *Bradford, Inc. v. Travelers Indemnity Company,* Del.Super., 301 A.2d 519 (1972).

Although it certainly appears that the lay person should be protected in his natural and necessary reliance on the medical doctor, defendants seem well supported by Delaware case law in their argument that it is the sterilization itself which constitutes the injury. A different set of rules may one day be formulated for the situation where an operation is successful and

its effects clearly known, but the wisdom of such operation is called into question later. However, when and if such a rule is formulated it will have to be cloaked with proper safeguards to prevent a plaintiff from bringing a suit on the basis of one isolated doctor's opinion many years after the operation or treatment. Presumptions as to lack of due diligence could also be incorporated. In any event, it is not for this Court to set up a special rule for the type of case presented here, but rather for the legislature.

It should be noted that there has been some uncertainty as to which statute of limitations was applicable: 10 Del.C. § 8119; or 18 Del.C. § 6856, signed April 26, 1976, and having subsequent immediate effect on "pending" malpractice cases unless it "would work injustice." 18 Del.C. § 6856. The new law applies generally a two year statute of limitations except "in the event of personal injury the occurrence of which, during such period of two years, was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person." In such cases, the action may be brought within three years of the occurrence.

 Defendants' position is that the same reasoning applies even under the new statute; that is, the injury (sterilization) was immediately discernible at the time of the operation. Plaintiffs' position is that application of the new statute has no effect on the case. The Court is willing, for purposes of this motion, to accept both positions and will view 18 Del.C. § 6856 as codifying the *Layton v. Allen,* supra, rule to allow plaintiffs one extra year over the usual two in which to bring suit in cases of inherently unknowable injury, which, we have already decided, is not present here. Since the complaint here was filed less than three years after the sterilization operation, it becomes irrelevant for the purposes of this motion to determine which statute of limitations applies.

The factual situation not fitting within the "inherently unknowable injury" mold, and no other theory being advanced upon which the statute can be tolled, the Court must conclude that the statute of limitations has run. The motion to dismiss is, therefore, granted.

IT IS SO ORDERED.