Marlene B. PEARSON and William J. Pearson, her husband, Plaintiffs below, Appellants,

v.

George J. BOINES, M. D., et al., Defendants below, Appellees.

Supreme Court of Delaware.

Submitted Feb. 17, 1978.

Decided April 18, 1978.

Arthur J. Sullivan, Wilmington, for appellants.

Stuart B. Young, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant-appellee George J. Boines, M. D.

Jane R. Roth, of Richards, Layton & Finger, Wilmington, for defendant-appellee George P. Liarakos, M. D.

Before DUFFY and McNEILLY, JJ., and HARTNETT, Vice Chancellor.

DUFFY, Justice:

In this medical malpractice case, the complaint was dismissed and judgment entered for defendants because the claim was barred by the statute of limitations.

The facts are recited in the Superior Court opinion, 367 A.2d 653 (1976), to which reference is made for a fuller statement of the controversy. Briefly, the claim is that a young lady, age nineteen, was sterilized because Dr. George J. Boines (defendant) determined that she had multiple sclerosis; some two years later she was told by another doctor that, in his opinion, she never had the disease and even if she had, sterilization probably was unnecessary. But by that time more than two years had passed, and that is the limitations period generally applied to malpractice claims in Delaware, 10 Del.C. § 8119.[1]

The claim, then, is clearly based on an alleged error in diagnosis which led to what may have been an unnecessary operation with tragic and irreparable consequences.

In *Layton v. Allen*, Del.Supr., 246 A.2d 794 (1968), this Court settled the controversy as to whether tort or contract time limitation controls in a medical malpractice case. The Court approved the decision in *Patterson v. Vincent*, Del.Super., 61 A.2d 416 (1948), which held that the personal injury (2-year) statute applies.

---

1. 10 *Del.C.* § 8119 provides in part:

   "No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained . . . ."

The law, of course, provided the lady with a remedy, that is, she had an opportunity to seek the only compensation which society can require for the kind of loss she sustained, i. e., money damages. But, under settled law, she was obliged to make the claim by formal complaint in the Court within a two-year period after the alleged malpractice had occurred. Cf. 10 *Del.C.* § 8119. The controversy centers on when that two-year period began: did it begin on May 23, 1972 when the operation (a tubal ligation) was performed? If so, the claim is barred, because the complaint was not filed until November 21, 1974. But if the period did not begin until the wife-plaintiff was informed that she had not had multiple sclerosis, then the claim is not barred, because she learned that in mid-1974.

The Superior Court resolved the controversy by interpreting and applying our decision in *Layton v. Allen,* supra. The Court concluded that an error-in-diagnosis case of the kind here presented is not one involving an "inherently unknowable" injury to a "blamelessly ignorant" plaintiff under *Layton* and, for that reason, the statute began to run when the sterilization was performed, not when the second diagnosis was made. We agree. See *Collins v. Wilmington Medical Center, Inc.,* Del.Supr., 319 A.2d 107, 108 (1974). And the result is consistent with our ruling in *McNutt v. Delaware Racing Association,* Del.Supr., 294 A.2d 838 (1972).

2. See *Annot:* Malpractice-Limitation Period 74 *A.L.R.* 1317; 144 *A.L.R.* 209; 80 *A.L.R.* 2d 320.

Plaintiffs also rely upon *Lopez v. Sawyer,* 115 N.J.Super. 237, 279 A.2d 116 (1971), for the proposition that the "time of discovery rule" is not limited to "foreign object" cases. The case may be read that way, but its many and complex issues did not include a claim based upon a second diagnosis, which is the critical issue here. For that reason, *Lopez* is not helpful for present purposes.

3. The Act became effective April 26, 1976, and § 6856 thereof provides:

"No action for the recovery of damages upon a claim against a health care provider for personal injury, including personal injury which results in death, arising out of malpractice shall be brought after the expiration of 2 years from the date upon which such injury occurred; provided, however, that:

Plaintiffs say that a number of jurisdictions have invoked a time-of-discovery approach in similar cases,[2] but we decline to adopt it for Delaware, at this time, in view of the recent enactment of a new Health Care Malpractice Insurance and Litigation Act, 18 *Del.C.* ch. 68.[3]

\*　　\*　　\*　　\*　　\*　　\*

The judgment of the Superior Court is affirmed.

(1) Solely in the event of personal injury the occurrence of which, during such period of 2 years, was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person, such action may be brought prior to the expiration of 3 years from the date upon which such injury occurred, and not thereafter; and

(2) a minor under the age of 6 years shall have until the latter of time for bringing such an action as provided for hereinabove or until the minor's 6th birthday in which to bring an action."

The Superior Court held that the statute codifies the rule of *Layton v. Allen* and gives a plaintiff a three-year period in which to file a malpractice claim based on an inherently unknowable injury. But the Court found that plaintiffs' claim was not of that kind. We do not consider the statute because, in this Court, plaintiffs do not rely on it.