**Deborah J. SHOCKLEY and Richard F. Shockley, her husband, Plaintiffs Below, Appellants**

v.

**Thomas E. DYER, M.D., Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 15, 1982.

Decided Jan. 21, 1983.

Howard M. Berg (argued) of Howard M. Berg & Associates, P.A., Wilmington, for plaintiffs below, appellants.

Samuel R. Russell (argued) of Biggs & Battaglia, Wilmington, and Randy J. Holland of Morris, Nichols, Arsht & Tunnell, Georgetown, for defendant below, appellee.

Before HERRMANN, Chief Justice, McNEILLY and MOORE, Justices.

McNEILLY, Justice:

In this medical malpractice action, plaintiffs, Deborah and Thomas Shockley, appeal from the granting of defendant's, Thomas Dyer, M.D., motion for summary judgment by the Superior Court on the ground that plaintiffs' suit was not timely filed. Plaintiffs' principal contention is that their cause of action is not barred by the statute of limitations because the conduct of the defendant was sufficient under the doctrine of fraudulent concealment to toll the statute. The Trial Court rejected this argument holding that the plaintiffs failed to present evidence which would invoke the tolling of the statute of limitations under the doctrine of fraudulent concealment. Plaintiffs appeal this ruling. We affirm.

In order for the doctrine of fraudulent concealment to be applicable, the physician must have had actual knowledge of the wrong done and affirmatively acted in concealing the facts from the patient. *Tilden v. Anstreicher, M.D.,* Del.Supr., 367 A.2d 632 (1976); *Layton v. Allen,* Del.Supr., 246 A.2d 794 (1968). The physician must have used some "actual artiface" which prevented plaintiff from gaining knowledge of the facts or have made some misrepresentation which was intended to put plaintiff off the trail of inquiry. *Halperin v. Barran,* Del.Ch., 313 A.2d 139 (1973). Where there has been fraudulent concealment from a plaintiff, the statute is suspended only until his rights are discovered or until they could have been discovered by the exercise of reasonable diligence. *Layton,* 246 A.2d at 799; *Halpern,* 313 A.2d at 143. When the facts are viewed in a light most favorable to plaintiffs, as is required here in that disposition was on summary judgment, *Hazewski v. Jackson,* Del.Super., 266 A.2d 885, 886 (1970), it becomes clear that by an exercise of due diligence plaintiff could have discovered her rights. The failure to exercise this due diligence resulted in the continued running of the statute of limitations.

On February 14, 1977 plaintiff, Deborah Shockley, entered the operating room of the Milford Memorial Hospital to undergo a D & C procedure. While performing the D & C, defendant encountered a mass within Deborah and concluded that it was life threatening. He proceeded to remove the mass which consisted of the appendix, the right ovary, the right fallopian tube and pus. This unexpected procedure required an abdominal incision which would not have been necessary if the operation had been limited to the D & C procedure. The incision left a scar across Deborah's abdomen.

Following the operation, Deborah was told that it had been necessary to perform more than a D & C and that her appendix and a conglomerate mass had been removed. It is plaintiffs' contention, and the basis of their fraudulent concealment argument, that defendant mentioned only the removal of the appendix, and the omission of any reference to the removal of the right ovary constituted a fraudulent concealment to the extent of the full surgery. While there is a dispute as to whether the defendant ever told either plaintiff that the right ovary had been removed, it is clear that Richard Shockley told Deborah during the evening following the operation that her appendix and a conglomerate mass had been removed. For Deborah, to have relied upon information told to her by Richard, a nonmedical person and not to have inquired of her doctor whom she saw on several occa-

sions within a few days of the operation, about the mass that was removed or the abdominal incision, constitutes a failure of due diligence.

In that plaintiff could have discovered her rights by exercising due diligence, the statute of limitations was not tolled. Since suit was not filed until September 4, 1980 it is clearly barred by 18 *Del.C.* § 6856 the applicable statute of limitations. Any argument that the determination of whether plaintiffs exercised reasonable diligence is a jury question is without merit since there is no material dispute of fact going to the issue of due diligence.

█ In further support of their appeal, plaintiffs argue that defendant as a physician had an affirmative duty of making a full disclosure of all the facts surrounding the operation, and his failure to do so constituted a breach of fiduciary responsibility. This argument has no relevance to the statute of limitations issue. *See Tilden,* 367 A.2d at 634.

Plaintiffs' final contention is that the enactment of 18 *Del.C.* § 6856 and our decision construing this statute, *Dunn v. St. Francis Hospital, Inc.,* Del.Supr., 401 A.2d 77, 79 (1979) does not affect the availability of the doctrine that fraudulent concealment tolls the running of the statute of limitations. Because the instant case turns on the plaintiffs' lack of due diligence, we do not address this issue.

For the above stated reasons the judgment of the Superior Court is

    \*    \*    \*    \*    \*    \*

AFFIRMED.