James A. **TRUITT** and Arlene F. Truitt, husband and wife, Plaintiffs,

v.

**BEEBE HOSPITAL OF SUSSEX COUNTY, INC. and James Beebe, Jr., M.D., Defendants.**

Superior Court of Delaware, New Castle County.

Submitted: Jan. 10, 1986.
Decided: May 28, 1986.

Bayard J. Snyder, of Tomar, Parks, Seliger, Simonoff & Adourian, Wilmington, and Charles G. Young, III, of Litvin, Blumberg, Matusow & Young, Philadelphia, Pa., for plaintiffs.

Mary Pat Trostle, of Biggs & Battaglia, Wilmington, for defendant Beebe Hosp. of Sussex County, Inc.

F. Alton Tybout, of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendant James Beebe, Jr., M.D.

TAYLOR, Judge.

This is a medical malpractice action brought by plaintiff James A. Truitt [plaintiff] and his wife against defendants James Beebe, Jr., M.D. [Dr. Beebe], and Beebe Hospital of Sussex County, Inc. [Hospital].

I.A.

The malpractice claim against Dr. Beebe is that in 1980 he failed to diagnose and treat plaintiff's condition correctly and incorrectly advised plaintiff that further treatment was not necessary and failed to maintain follow-up as to plaintiff's condition.[1] Suit was filed December 18, 1984.

Dr. Beebe has moved for summary judgment on the ground that this suit is barred by 18 *Del.C.* § 6856. That section fixes a general limitation period of two years, and extends that period to three years if plaintiff could not have discovered the injury during the two-year period.[2] Plaintiff contends that the three-year limitation period was tolled by virtue of fraudulent concealment by Dr. Beebe in 1983.

Discovery including depositions of plaintiff and defendant has been taken. Many of the facts set forth herein are undisputed. Where facts are in dispute, the Court has accepted plaintiff's version of the facts for purposes of this motion.

On October 31, 1980 Dr. Beebe surgically removed a lesion from plaintiff's shoulder. On November 6, 1980 a pathologist employed by Beebe Hospital analyzed the lesion tissue and reported that it was a "multicentric pigmented basal cell carcinoma". Based on the pathologist's report Dr. Beebe informed plaintiff that further treatment was not necessary.

In August, 1983, due to a swelling in his right axilla, plaintiff again consulted Dr. Beebe. After examining plaintiff, Dr. Beebe requested a review of the slides made of the October 1980 lesion. In early September, 1983, the pathologist reviewed the 1980 slides and reported to Dr. Beebe that the lesion which was originally removed in 1980 from plaintiff's shoulder was not a "multicentric pigmented basal cell carcinoma," as the 1980 pathologist report had concluded, but was in fact a "malignant melanoma". It is agreed that proper treatment after removal of a known malignant melanoma would include medical attention and treatment after recovery from the surgery.

On or about September 6, 1983 Dr. Beebe explained to plaintiff that plaintiff had can-

---

1. The complaint also alleges events involving Dr. Beebe and plaintiff in 1983. This Order does not address those events except insofar as they are pertinent to the contention that fraudulent concealment tolled the statute of limitations as to the 1980 events.

2. Since suit was filed four years after the 1980 events, the Court will not differentiate between the requirements for the two-year limitation and for the three-year limitation.

cer. Plaintiff has stated by deposition that when Dr. Beebe informed him he had cancer he did not tell him that an incorrect diagnosis had been made by the pathologist in 1980 or that a link existed between the lesion which was removed in 1980 and the subsequent development of cancer.

Plaintiff instituted suit on December 10, 1984.

The issue is whether Dr. Beebe's failure to inform plaintiff in 1983 that the 1980 pathologist's report incorrectly stated plaintiff's condition is fraudulent concealment which tolled the statute of limitations as to plaintiff's claim against Dr. Beebe.

### B.

The doctrine of fraudulent concealment applies where a wrongdoer fraudulently conceals from an injured party the existence of a cause of action against the wrongdoer. In such case the limitation period will be tolled until such time as the injured party discovers or should have discovered the existence of a cause of action against the wrongdoer. *Tilden v. Anstreicher, M.D.*, Del.Supr., 367 A.2d 632, 635 (1976); *Shockley v. Dyer*, Del.Supr., 456 A.2d 798 (1983). In order for the doctrine to apply in the medical malpractice context, two requirements must be satisfied: the physician must have had actual knowledge that he had committed a wrong, and he must have acted affirmatively in concealing that wrong from the patient.

The doctrine of fraudulent concealment rests on the proposition that a wrongdoer whose fraudulent concealment of the fact of the wrong has caused the injured person not to bring timely suit cannot gain advantage from his own fraudulent concealment. *Lieberman v. First Nat. Bank*, Del.Supr., 45 A. 901, 903 (1900); 51 *Am.Jur.2d* Limitation of Actions § 147, p. 717. Therefore, a defendant will not be protected by the statute of limitations during the period when the defendant's fraudulent concealment caused plaintiff not to know that he had a cause of action against the defendant. Thus, if Dr. Beebe fraudulently concealed his medical wrongdoing from plaintiff, the statute of limitations would be tolled. If, on the other hand, Dr. Beebe concealed someone else's medical wrongdoing, the statute of limitations applicable to a suit against Dr. Beebe for Dr. Beebe's medical wrongdoing would not be tolled.

### C.

■ A further consideration is whether the alleged concealment by Dr. Beebe in 1983 was material to plaintiff's claim against Dr. Beebe. If any fraudulent matter is to have an effect on a cause of action it must be material to the cause of action. *Harman v. Masoneilan Intern., Inc.*, Del. Supr., 442 A.2d 487, 499 (1982); *Eastern States Petroleum Co. v. Universal Prod. Co.*, Del.Ch., 3 A.2d 768, 775 (1939); *Nye Odorless Incinerator Corporation v. Felton*, Del.Super., 162 A. 504, 511 (1931). If Dr. Beebe correctly stated to plaintiff what the pathologist reported in 1980, Dr. Beebe was not responsible for the pathologist's error. Any claim against Dr. Beebe based on his 1980 recommendation must be considered in the light of information known to him in 1980. Plaintiff knew from November, 1980 what the 1980 report stated and what Dr. Beebe's recommendation based on that report was. If plaintiff disputed that recommendation, he could have done so at any time. No 1980 information known to Dr. Beebe was withheld from plaintiff.

The alleged concealment involved information discovered in 1983. While it involved a re-evaluation of slides made in 1980 that re-evaluation was made by a pathologist and did not indicate that Dr. Beebe's 1980 recommendation based on the 1980 pathologist's report was wrong. The concealment of the fact that a report in 1983 showed the 1980 report was wrong involved the pathologist's error and not Dr. Beebe's error.

Any concealment of the error in the pathologist's 1980 report could not have caused plaintiff not to pursue a claim against Dr. Beebe for his 1980 treatment

and recommendation because that information did not involve an error by Dr. Beebe and hence was not material to the claim against Dr. Beebe.

### D.

Under Delaware law, fraudulent concealment requires affirmative concealment. In *Shockley v. Dyer*, 456 A.2d at p. 799 (1983), the Supreme Court stated that in order to invoke the doctrine of fraudulent concealment: "The physician must have used some 'actual artifice' which prevented plaintiff from gaining knowledge of the facts or have made some misrepresentation which was intended to put plaintiff off the trail of inquiry."

The general rule in other jurisdictions is that "mere silence of a person concerning a cause of action which arises against him is not sufficient to prevent the running of the statute of limitations ..." 51 *Am.Jur.2d* Limitation of Actions § 149.

In *Taylor v. Wilmington Medical Center, Inc.*, D.Del., 538 F.Supp. 339 (1982), the United States District Court for the District of Delaware, applying Delaware law, held that the failure of a physician to disclose the fact that before giving advice he had knowledge that a baby had spina bifida was not active concealment which tolled the statute of limitations.

Dr. Beebe's failure to state to plaintiff that the pathologist's 1980 report was wrong or that plaintiff had cancer in 1980 did not "put plaintiff off the trial of inquiry" concerning 1980 error on the part of Dr. Beebe. Cf. *Shockley v. Dyer*, 456 A.2d at p. 799. Hence, plaintiff has not shown fraudulent concealment under Delaware law.

### E.

Plaintiff also contends that silence of a physician violates a fiduciary relationship owed to the patient and tolls the statute of limitations. This issue was addressed by the Supreme Court in *Shockley v. Dyer*, 456 A.2d at p. 800, and was answered,

"This argument has no relevance to the statute of limitations issue." *Taylor v. Wilmington Medical Center, Inc.*, 538 F.Supp. at p. 343 considered the same contention and rejected it on the ground that the requirement for affirmative concealment which was applied in *Tilden v. Anstreicher*, supra, "is inconsistent with plaintiff's view that a fiduciary relationship and silence on the part of the physician constitutes the requisite affirmative action." This case correctly disposes of plaintiff's contention.

I conclude that the mere silence of Dr. Beebe in 1983 as to the 1980 report in the context in which it appears is not affirmative concealment.

### II.

■ Plaintiff also contends that summary judgment should not be granted as to the claim against Dr. Beebe because a fact issue exists as to whether or not Dr. Beebe in 1983 told plaintiff that the tumor which was removed in 1980 had been found to be cancerous. In reaching its decision, the Court has accepted plaintiff's version that Dr. Beebe did not so inform plaintiff in 1983. This decision holds that based on plaintiff's version of the facts Dr. Beebe's failure to inform plaintiff that the pathologist's 1980 report was incorrect or that a link existed between the lesion which Dr. Beebe removed in 1980 and the subsequent development of cancer did not constitute fraudulent concealment and did not toll the statute of limitations as to plaintiff's claim against Dr. Beebe. Therefore, any dispute of facts between plaintiff's version and Dr. Beebe's version is not material to this decision and would not be entitled to go to a jury. Cf. 10 Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 2713.1. Under this decision the statute of limitations issue does not embody a triable issue for submission to a jury. 6 *Moore's Federal Practice* § 56.15[8].

### III.

Plaintiff also contends that 18 *Del.C.* § 6856 violates Article 1, Section 9 of the

Constitution of 1897 of the State of Delaware and the equal protection and due process clauses of the 14th Amendment of the United States Constitution. The Delaware Supreme Court has considered these arguments questioning the constitutionality of the medical malpractice statute of limitations and held that the statute is constitutional. *Reyes v. Kent General Hospital, Inc.,* Del.Supr., 487 A.2d 1142 (1984); *Dunn v. Felt,* Del.Super., 379 A.2d 1140 (1977), *aff'd sub nom, Dunn v. St. Francis Hospital, Inc.,* Del.Supr., 401 A.2d 77 (1979). Consequently, plaintiff's contention is without merit.

### IV.

Based on the foregoing considerations, I conclude that the statute of limitations was not tolled with respect to plaintiff's claim against Dr. Beebe. Dr. Beebe's motion for summary judgment is granted insofar as plaintiff's claim is based on matters occurring before December 18, 1981.