

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2008

# Farrell v. AI DuPont Hosp

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3664

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Farrell v. AI DuPont Hosp" (2008). *2008 Decisions*. Paper 1779.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1779

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-3664

HOLLY FARRELL, AS PARENT AND NATURAL GUARDIAN
AND ADMINISTRATOR OF THE ESTATE OF ASHLEY MCARDLE,
A MINOR, DECEASED; HOLLY FARRELL 1, INDIVIDUALLY,
IN HER OWN RIGHT,

Appellants

v.

THE A.I. DUPONT HOSPITAL FOR CHILDREN OF THE NEMOURS
FOUNDATION; THE NEMOURS FOUNDATION;
M.D. WILLIAM I. NORWOOD M.D., PH.D.;
DEBORAH A. DAVIS, M.D.; RUSSELL RAPHAELY, M.D.; P. KERINS,
PERFUSIONIST; PAUL KERINS, Perfusionist, c/o A.I. DuPONT
HOSPITAL FOR CHILDREN

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 04-cv-03877)
District Judge: Hon. Berle M. Schiller

Submitted pursuant to Third Circuit LAR 34.1(a)
December 6, 2007

Before: McKEE, CHAGARES and HARDIMAN,
Circuit Judges

(Opinion filed: January 9, 2008)

_____

OPINION

_____

McKEE, <u>Circuit Judge</u>.

Holly Farrell, individually and as the administratrix of the estate of Ashley McArdle, her deceased minor daughter, appeals the district court's order granting summary judgment to the defendants based upon the court's conclusion that Farrell's wrongful death action alleging medical malpractice was barred by the statute of limitations. We will affirm.

Because we write primarily for the parties, we need not recite the facts or procedural history of this case. Farrell makes two arguments in support of her appeal. First, she argues that the district court erred by finding that the statute of limitations was not tolled by the doctrine of fraudulent concealment. In its thorough and well-reasoned opinion, the district court explained why the doctrine of fraudulent concealment does not apply to Farrell's suit. *Farrell v. The A.I. duPont Hospital for Children*, 2006 WL 2035146 (E.D. Pa. July 19, 2006). We can add little to the district court's excellent analysis. Therefore, we will affirm the district court's grant of summary judgment on statute of limitations grounds substantially for the reasons set forth in the district court's well reasoned opinion.

Farrell's second argument on appeal does not appear to have been presented to the district court, and is therefore waived. Nevertheless, we will briefly explain why the argument lacks merit. Farrell contends that defendant William I. Norwood, M.D., Ph.D, as a physician, was deemed to have a fiduciary relationship with her as Ashley's mother

2

and, therefore, had a duty to inform Farrell of the potential risk of surgery and post-operative care. She further contends that Norwood's alleged breach of that duty somehow tolled the statute of limitations. We disagree.

The physician-patient relationship here arose in Delaware, all medical treatment occurred in Delaware and Ashley died in Delaware. Therefore, Delaware law applies. *See Troxel v. A.I. duPont Institute*, 636 A.2d 1179, 1181 (Pa. Super. 1994) (state law where medical treatment was provided generally governs substantive law). Under Delaware law, a physician's relationship to his/her patient and a "breach of a fiduciary responsibility . . . has no relevance to [a] statute of limitations issue." *Shockley v. Dyer*, 456 A.2d 798, 800 (Del. 1983). *See also Tilden v. Anstreicher*, 367 A.2d 632, 634 (Del. 1976).

Accordingly, we will affirm.