**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CHESAPEAKE INSURANCE | ) | |
| ADVISORS, INC., a Delaware | ) | |
| Corporation, and ROBERT HOUSER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: N14C-03-073 EMD |
| | ) | |
| STEPHANIE DESOLA, JOSEPH | ) | |
| DESOLA, and PRIME SERVICES LLC, | ) | |
| a *de facto* Partnership of Stephanie DeSola | ) | |
| and Joseph DeSola, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION GRANTING
PLAINTIFFS'/COUNTERCLAIM DEFENDANTS'
MOTION TO DISMISS DEFENDANTS'/COUNTERCLAIM
PLAINTIFFS' COUNTS I AND II OF THE
AMENDED COUNTERCLAIM COMPLAINT**

**I. INTRODUCTION**

The Court previously allowed Defendants Stephanie DeSola, Joseph DeSola, and Prime Services (collectively, the "Defendants") to file amended counterclaims. The Court instructed Defendants that any future filings needed to conform to the Delaware Superior Court Rules of Civil Procedure. Defendants failed to comply with the rules when filing their amended counterclaims. After a hearing, the Court permitted Defendants to file a second amended counterclaim by December 1, 2017.

Defendants filed the Defendants' Amended Answer and Amended Counterclaim on December 1, 2017 (the "Second Amended Counterclaim"). On December 14, 2017, Plaintiffs Chesapeake Insurance Advisors, Inc. and Robert Houser (collectively, the "Plaintiffs") filed the

Plaintiffs'/Counterclaim Defendants' Motion to Dismiss Defendants'/Counterclaim Plaintiffs' Counts I and II of the Amended Counterclaim Complaint (the "Motion").

For the reasons set forth below, the Court **GRANTS** the Motion.

## II. RELEVANT FACTS

Defendants filed their initial counterclaims in response to Plaintiffs' complaint. On September 5, 2017, the Court dismissed Defendants' Answer and Counterclaim in Response to Second Amended Complaint. The Court allowed Defendants to file amended counterclaims. On October 5, 2017, Defendants filed their amended counterclaims.

On November 27, 2017, the Court held a hearing on Plaintiffs' Motion to Strike Defendants' Amended Answering Brief in Response to Plaintiffs' Motion to Dismiss Defendants' Amended Counterclaim Complaint. At the conclusion of the hearing, the Court allowed Defendants to file an amended counterclaim by December 1, 2017. The Court required the parties to remove any adjectives and adverbs not part of a legal standard. The Court advised Defendants to state facts in order to properly plead a counterclaim. The Court further advised the parties that the Court would rule on the papers.

On December 1, 2017, Defendants filed the Second Amended Counterclaim. In the Second Amended Counterclaim, Defendants allege: (1) fraud; (2) fraudulent concealment; and (3) unjust enrichment.

Specifically for fraud, Defendants allege "Plaintiffs' verbal and written representations and pretenses caused the Defendant to make payments on Plaintiffs behalf."[1] Further, "Plaintiffs made guarantees of shared profits. . . ."[2] Defendants further argue that Plaintiffs removed Ms. DeSola as secretary and treasurer on August 27, 2013, but Plaintiffs never informed Ms. DeSola

---

[1] Countercl. ¶ 17.
[2] *Id.* ¶ 18.

that she had been removed from these executive positions.[3]  Ms. DeSola continued to act as secretary and treasurer of the business based on Plaintiffs' failure to inform Ms. DeSola.

After Plaintiffs removed Ms. DeSola as Secretary and Treasurer, Mr. Houser communicated with Ms. DeSola via text message and told Ms. DeSola "[y]ou are really an incredible employee, associate, and friend."[4]  In another text message, Mr. Houser states: "You know that anything you might have to put in you will get back with interest.  There will be no other way. You guys will be whole."[5]

Specifically relating to fraudulent concealment, Defendants allege that Plaintiffs did not disclose "any of the evidence or transactions reviewed during the course of the State's Criminal investigation."[6]  Defendants argue that "Plaintiffs concealed numerous transactions during the investigation . . . which misled the State in their investigation."[7]  Defendants content that if the concealed transactions were brought to light, then the complaint would have no basis.

In the Motion, Plaintiffs argue that Count I and Count II of the Second Amended Complaint must be dismissed.  First, Plaintiffs contend that Defendants failed to articulate elements one, two, three, and five for Fraud.  Additionally, Plaintiffs argue that Defendants failed to plead fraud and fraudulent concealment with particularity as required under Delaware Superior Court Civil Rule 9(b) ("Rule 9(b)").  Further, Plaintiffs claim that fraudulent concealment cannot survive without an underlying fraud.

---

[3] *Id.* ¶ 26.
[4] *Id.*, Ex. A-1.
[5] *Id.*, Ex. A-7.
[6] *Id.* ¶ 46.
[7] *Id.* ¶ 48-49.

### III. STANDARD OF REVIEW

Upon a motion to dismiss, the Court (i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[8] However, the court must "ignore conclusory allegations that lack specific supporting factual allegations."[9]

Rule 9(b) requires all allegations of fraud to be pleaded with particularity.[10] In order to meet the particularity requirement, a complaint "must state the time, place, and contents of the alleged fraud, as well as the individual accused of committing the fraud."[11] "[A]verments of time and place are material. . . ."[12] "The purpose of [Rule 9(b)] is to appraise the adversary of the acts or omissions by which it is alleged that a duty has been violated."[13]

### IV. DISCUSSION

#### A. FRAUD

A party must plead the following elements to state a claim for fraud:

(1) False representation, usually of fact, made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiff's action or inaction was taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance.[14]

---

[8] *See Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy,* No. 09C-09-136, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).

[9] *Ramunno v. Crawley,* 705 A.2d 1029, 1034 (Del. 1998).

[10] Del. Super. Ct. R. 9(b).

[11] *Universal Capital Mgmt, Inc. v. Micro World, Inc.*, 2012 WL 1413598, at *2 (Del. Super. Feb. 1, 2012).

[12] Del. Super. Ct. R. 9(f); *York Linings v. Roach*, 1999 WL 608850, at *2 (Del. Ch. July 28, 1999).

[13] *Mancino v. Webb*, 274 A.2d 711, 713 (Del. Super. 1971).

[14] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).

Defendants have not pleaded facts that support all the elements of a fraud claim. In addition, Defendants failed to plead fraud with particularity under Rule 9(b). In support of the fraud claim, Defendants plead that Plaintiffs made promises of "shared profits, financial stability and security . . . In exchange for Defendants continued support of Plaintiffs and its business endeavors."[15] Further, Plaintiffs removed Ms. DeSola as secretary and treasurer on August 27, 2013, but never informed her. After August 27, 2013, Mr. Houser instructed Ms. DeSola "to act in the role of Secretary and Treasurer through numerous written and verbal instructions after August 27th, 2013 and up to the Defendant's termination on October 8, 2013."[16] Defendants attached numerous text messages to the Second Amended Counterclaim.

The August 27, 2013 Corporate Resolution Ratification of Board Minutes indicates that Ms. DeSola was removed as secretary and treasurer.[17] Additionally, in some text messages, Mr. Houser states to Ms. DeSola "[y]ou are really an incredible employee, associate, and friend."[18] Defendants fail to identify the shared profits contract with any particularity. The only hint of such a contract is a text message between Ms. DeSola and Mr. Houser where Mr. Houser states: "You know that anything you might have to put in you will get back with interest. There will be no other way. You guys will be whole."[19]

While some facts are plead, the Second Amended Counterclaim fails to provide facts that support elements 3, 4 and 5 of a fraud claim. The Court can infer from the Second Amended Counterclaim that Defendants make allegations that Plaintiffs made false representations. In addition, the Court can logically infer from the allegations that Plaintiffs knew the

---

[15] Countercl. ¶ 18.
[16] *Id.* ¶ 30.
[17] Countercl., Ex. B.
[18] Countercl., Ex. A-1.
[19] Countercl., Ex. A-7.

representations were false when made.  However, the Court cannot find facts that support Plaintiffs made the representations to induce Defendants to act or refrain from acting, justifiable reliance upon the representations, or the damage resulting from the misrepresentation.

The one specific representation—the October 3, 2013 text from Mr. Houser to Ms. DeSola—alleged in the Second Amended Counterclaims regarding repayment is not supported by any facts that show inducement, justifiable reliance or causally connected damages.  Instead, Count I reads more like an intentional infliction of emotional distress claim or defamation claim than a claim of fraud.

Additionally, Defendants fail to provide information regarding which transactions Plaintiffs concealed from Defendants and the State.  Defendants state that Plaintiffs were fully aware of payments made by Defendants on Plaintiffs' behalf.  In Count III of the Second Amended Counterclaim, Defendants list a number of transactions that Defendants made for Plaintiffs.  However, Defendants fail to allege which transactions were concealed.

As such, the Defendants failed to plead with particularity all the elements of a fraud claim.  Instead, Defendants rely, in part, upon conclusory statements.  The Court has previously discussed and ordered Defendants to meet the requirements of Rule 9(b) and still Defendants are unable to meet those requirements.  As such, the Court will **GRANT** the Motion as to Count I of the Second Amended Counterclaims.

### B. FRAUDULENT CONCEALMENT

To establish fraudulent concealment, a claimant must allege that: (1) deliberate concealment by a party of a material past or present fact, or silence in the face of a duty to speak; (2) that party acted with scienter; (3) there was an intent to induce reliance by the claimant upon

the concealment; (4) causation; and (5) damages resulting from the concealment.[20] Fraudulent concealment must be pleaded with particularity to satisfy Rule 9(b).[21]

Fraudulent concealment may also toll a statute of limitations. "Fraudulent concealment tolls a statute of limitation until a plaintiff discovers his rights or could have discovered them by exercise of reasonable diligence."[22] "Fraudulent concealment may be found to exist where a defendant knowingly acted to prevent a plaintiff from learning facts or otherwise made misrepresentations intended to 'put the plaintiff off the trail of inquiry.'"[23]

Plaintiffs argue that fraudulent concealment cannot stand alone as a cause of action without an underlying fraud. Therefore, if the fraud is dismissed, so too, must the fraudulent concealment. However, the Delaware Supreme Court and the Court have recognized an independent cause of action for fraudulent concealment.[24]

Defendants fail to plead fraudulent inducement with particularity as required under Rule 9(b). Defendants contend that they were not informed of any evidence reviewed during the State's Criminal investigation.[25] Further, Defendants contend that "Plaintiffs' concealed transactional information, which misled the State in their investigation, and also caused irrevocable harm to the Defendants."[26] Defendants state numerous times that Plaintiffs

---

[20] *Nicolette, Inc. v. Nutt*, 525 A.2d 146 (Del. 1987); *Commonwealth Land Title Ins. Co. v. Funk*, 2015 WL 1870287, at *3 (Del. Super. Apr. 22, 2015).
[21] *See Hiznay v. Strange*, 415 A.2d 489 (Del. Super. 1980) (allowing plaintiff to amend their complaint to plead fraudulent concealment with the necessary particularity required under Rule 9(b)).
[22] *State ex rel. Brady v. Pettinaro Enterprises*, 870 A.2d 513, 532 (Del. Ch. 2005) (citing *Shockley v. Dyer*, 456 A.2d 798, 799 (Del. 1983)).
[23] *Id.*
[24] *See Nicolette, Inc. v. Nutt*, 525 A.2d 146 (Del. 1987); *Szczerba v. American Cigarette Outlet, Inc.*, 2016 WL 1424561, at *3 (Del. Super. Apr. 1, 2016); *Commonwealth Land Title Ins. Co. v. Funk*, 2015 WL 1870287, at *3 (Del. Super. Apr. 22, 2015).
[25] Countercl. ¶ 46.
[26] Countercl. ¶ 49.

concealed transactions, but never indicates which transactions are concealed or when the Plaintiffs concealed the transactions.

Moreover, Defendants fail to allege how Plaintiffs knowingly acted with respect to Defendants. The allegations of the Second Amended Counterclaims instead talk of purported concealment by Plaintiffs as to the State and not Defendants, or that Plaintiffs failed to provide discovery to Defendants. The Court is unaware of any obligation Plaintiffs owed to Defendants to provide Defendants with discovery during the criminal investigation. Moreover, the Second Amended Complaint alleges that the State, not Defendants, were misled.[27] In addition, the Court does not see any allegations of reliance by Defendants on the purported concealment by Plaintiffs.

As alleged, Count II pleads more like a cause of action that could be brought by the State and not Defendants. Accordingly, the Court finds that Count II fails to state a claim upon which relief can be granted and will **GRANT** the Motion as to Count II.

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Motion relating to Count I and Count II. Defendants can proceed on Count III of the Second Amended Counterclaims.


Dated: January 24, 2018
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

---

[27] *Id.*

8