MILFORD MEMORIAL HOSPITAL, INC., a corporation of the State of Delaware, Defendant Below, Appellant, v. ROLAND S. ELLIOTT, Plaintiff Below, Appellee,

(*June* 3, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Richard I. G. Jones,* of Prickett & Prickett, for defendant below, appellant.

*Roy S. Shiels,* of Brown & Brown, for plaintiff below, appellee.

Supreme Court of the State of Delaware. No. 4, 1965.

HERRMANN, Justice:

The question for decision upon this appeal is whether the Delaware Wrongful Death Act gives a widower a right of action for damages for negligence causing the death of his wife where, at the time of her death, her right of action for the same negligence would have been barred by the applicable Statute of Limitations.

The complaint, filed on December 31, 1963, alleges that the plaintiff's wife was injured on August 12, 1959, as a result of the defendant's negligence, when she slipped and fell in the defendant's hospital. The complaint further alleges that the plaintiff's wife died on January 2, 1962 as a result of such injuries and that no suit was brought by her during her lifetime to recover damages for such injuries. The defendant moved for judgment on the pleadings on the ground that the plaintiff's right of action is barred by the Statute of Limitations which would have governed an action by the wife.[1] The Superior Court denied the motion and the defendant appeals.

The question before us has been the subject of much discussion and disparity of opinion elsewhere (see Annotation 167 A.L.R. 894—

---

[1] The Statute of Limitations governing the wife's action was 10 *Del. C.* Sec. 8118 which provided:

"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 1 year from the date upon which it is claimed that such alleged injuries were sustained."

The Statute of Limitations governing wrongful death actions is 10 *Del. C.* Sec. 8106A (eff. July 9, 1960) providing:

"No action to recover damages for wrongful death * * * shall be brought after the expiration of 2 years from the accruing of the cause of such action."

Prior to the enactment of Sec. 8106A, the general 3 year limitation of 10 *Del. C.* Sec. 8106 was applicable. See *Homiewicz v. Orlowski,* 4 W. W. Harr. 66, 143 A. 250 (1928).

911) but, surprisingly, it appears that this is a case of first impression in this jurisdiction on the question. Although the precise question has not been determined, certain concepts have been settled by this court which go far toward resolving the issue.

In *Saunders v. Hill,* Del., 202 A.2d 807 (1964), this court held that the right of action conferred by our Wrongful Death Act[2] is dependent upon the right of the person injured, had he or she not died in consequence of the injury, to maintain an action for such injury. This construction of the Death Act, and this holding of the Saunders case, was very recently approved by this court in *Reynolds v. Willis,* Del., 209 A.2d 760 (1965). Such has been the rule in this State since 1910 when, in *Perry v. Phila., B. & W. R. Co.,* 1 Boyce 399, 77 A. 725, 734-735, it was held that a release, executed and delivered by the deceased husband to the tort feasor, barred his widow's right of action under the Death Act. See also *Sobolewski v. German,* 2 W. W. Harr. 540, 127 A. 49, 52 (1924); *Homiewicz v. Orlowski,* supra; *Lynch v. Lynch,* 9 W.W. Harr. 1, 195 A. 799 (1937); and *Jones v. Pennsylvania R. Co.,* 11 Terry 57, 123 A.2d 111 (1956).

It is settled in this jurisdiction by this line of cases, beyond the realm of further question, that the statutory right of action created by the Wrongful Death Act, while a separate and different right of action than that held by the deceased, nevertheless is held subject to the same infirmities as would have existed in a suit by the deceased if still alive.

Applying the rule to the instant case, it follows that the right of action of the plaintiff husband, being dependent upon the existence of a right of action in the wife at the time of her death, is no greater right than the wife would have had if living; and that the wife's right of action having been barred by limitation by the time of her death, no right of action arose under the Death Act in favor of the plaintiff husband. The Supreme Court of Pennsylvania has reached the same conclusion in construing the Death Act of Pennsylvania, upon which our Act was fashioned. *Howard v. Bell Telephone Co. of Penn.,* 306 Pa. 518, 160 A. 613 (1932).

---

[2] The Delaware Wrongful Death Act appears at 10 *Del. C.* Sec. 3704(b) as follows:

"Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned."

We note the opinion of Judge Woolley to the contrary in *Western Union Telegraph Co. v. Preston* (3 Cir.), 254 F. 229 (1918), upon which the plaintiff relies. While that case, which interpreted the Pennsylvania Act before the Supreme Court of Pennsylvania spoke on the subject in the Howard case, may be said to contain forceful arguments in favor of the plaintiff's position, it is now completely out of harmony with principles since established and confirmed by this court and by the Supreme Court of Pennsylvania.

The fallacy of the positions of both parties in the instant case lies in their erroneous classification of the matter as a pure limitations problem, the issue tendered and accepted before us being whether the plaintiff's action is barred by 10 *Del. C.* Sec. 8118. The issue is not that simple; and the defendant does not prevail here on that ground. For clarity's sake:

We do not hold, as the defendant contends, that the plaintiff's right of action is barred by the Statute of Limitations which controlled the deceased wife's right of action. That question was decided against the defendant in *Homiewicz v. Orlowski,* supra, and is not now before us. As above noted, 10 *Del. C.* Sec. 8106A is the Statute of Limitations which governs the plaintiff's claim.

What we do hold is that the existence of a right of action in the plaintiff's wife at the time of her death was a condition precedent to the existence of a right of action in the plaintiff under the Death Act; and that the fulfillment of that condition became impossible by reason of the expiration, prior to her death, of the period of limitations governing the wife's claim.

Subtle as the distinction may at first seem to be, it is basic. Compare cases collected in Annotations at 167 A.L.R. 894, et seq. and 174 A.L.R. 815, et seq.

It appearing on the face of the complaint that the plaintiff has no right of action, the defendant was entitled to judgment on the pleadings. Therefore, the order of the Superior Court denying such judgment must be reversed.