Melquaides **REYES, Individually, and as Administrator of the Estate of Dulce Reyes, Plaintiff below-Appellant,**

v.

**KENT GENERAL HOSPITAL, INC., a corporation of the State of Delaware, Thomas Maxwell, M.D., Honorata Bengzon, M.D., and the Department of Health and Social Services, an agency of the State of Delaware, Defendants below-Appellees.**

Supreme Court of Delaware.

Submitted Sept. 10, 1984.

Decided Nov. 19, 1984.

---

Charles E. Whitehurst (argued) and Harold Schmittinger of Schmittinger & Rodriguez, P.A., Dover, for appellant.

Mason E. Turner (argued), of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Samuel R. Russell (argued), of Biggs & Battaglia, Wilmington, and Robert B. Young of Young & Schwartz, Dover, for defendants.

Before McNEILLY, MOORE and CHRISTIE, JJ., BROWN, Chancellor, and BERGER, Vice-Chancellor.

McNEILLY, Justice:

This is an appeal from the Superior Court's grant of summary judgment in favor of defendants.[1] The Superior Court granted summary judgment on the ground that plaintiff's medical malpractice claims were barred by the applicable Statute of Limitations. 18 *Del.C.* § 6856.[2] Plaintiff's appeal presents the issue of whether a three year Statute of Limitations applies when an inherently unknowable injury becomes known to the injured plaintiff within two years from when the injury occurred. Confronted with the clear language of the applicable Statute of Limitations, the Court below held that if an inherently unknowable injury is discovered within two years from when the injury occurred, a two year Statute of Limitations is applicable to the medical malpractice claim. We affirm.

## I

For the purposes of this appeal, this is a medical malpractice action against defendants, Thomas Maxwell, M.D. and Kent Gen-

---

1. By letter opinion dated October 19, 1983, Judge Stiftel granted summary judgment as to defendant Thomas Maxwell, M.D. Judge Stiftel entered an order on October 31, 1983, granting summary judgment as to defendant Kent General Hospital.

2. 18 *Del.C.* § 6856 provides:

 § 6856 General limitations.

 No action for the recovery of damages upon a claim against a health care provider for personal injury, including personal injury which results in death, arising out of malprac-

 tice shall be brought after the expiration of 2 years from the date upon which such injury occurred; provided, however, that:

 (1) Solely in the event of personal injury the occurrence of which, during such period of 2 years, was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person, such action may be brought prior to the expiration of 3 years from the date upon which such injury occurred, and not thereafter; . . .

eral Hospital, Inc.[3] The Trial Court determined, and it is not contested here, that any liability of Kent General Hospital, Inc. is derivative of that of Dr. Maxwell under the doctrine of respondeat superior. Therefore, the alleged negligence of Dr. Maxwell is the focus of our inquiry.

Plaintiff, Melquaides Reyes, and his wife, Dulce Reyes, along with their three children, immigrated to this country in May of 1980 from Cuba. Later that year they moved to Dover, Delaware. The family possessed a very limited knowledge of the English language at the time of the incidents in question.

Subsequent to her arrival in Dover, Dulce Reyes began to experience pains in the abdominal and pelvic area, so she had an appointment set up for her with a gynecologist, Dr. Bengzon. She could not get an immediate appointment, so in the meantime she went to the Emergency Room of Kent General Hospital.

It was September 15, 1980, when Dulce Reyes went to the Emergency Room. Dr. Maxwell, the Emergency Room physician on duty at the time, performed a pelvic examination and prescribed antibiotics. In addition, he recommended that she see gynecologist, Dr. Bengzon, in another month for a follow-up examination.

As scheduled, in October of 1980 Dulce Reyes saw Dr. Bengzon.[4] A PAP smear was administered by Dr. Bengzon and the slide was sent to the Department of Health and Social Services to obtain a reading of the results. Subsequent to that, Dulce Reyes received a document from Dr. Bengzon's office indicating that her PAP smear was negative and that there was no evidence of malignancy.

Still experiencing pains, on May 11, 1981 Dulce Reyes visited Dr. Scacheri, who diagnosed a malignant tumor of the cervix. Dulce Reyes conceded that she became aware of the defendant's alleged negligence on this date.

On October 1, 1982, more than two years after the alleged negligence of Dr. Maxwell, Dulce Reyes filed this medical malpractice action alleging, among other things, that Dr. Maxwell failed to properly diagnose her condition in September of 1980.

Dulce Reyes died on March 17, 1983. Her husband, Melquaides Reyes, was substituted as the plaintiff, and the complaint was amended to include a wrongful death count.

## II

This case centers upon the applicable Statute of Limitations found at 18 *Del.C.* § 6856. The statute provides a two year Statute of Limitations for medical malpractice claims and for some such claims, a three year Statute of Limitations.

■ In direct contrast to the language of 18 *Del.C.* § 6856, plaintiff argues that since his wife was a blamelessly ignorant plaintiff with an inherently unknowable injury under *Layton v. Allen*, Del.Supr., 246 A.2d 794 (1968), Section 6856(1) gave her three years from the date of injury to bring suit.

We must reject plaintiff's contention since Section 6856(1) states unambiguously, that for a plaintiff to receive the benefit of a three year Statute of Limitations, he must show that the injury could not reasonably have been known to him, and that the

---

**3.** The complaint was filed against Kent General Hospital, Inc., Thomas Maxwell, M.D., Honorata Bengzon, M.D. and the Department of Health and Social Services of the State of Delaware. Plaintiff does not appeal the grant of the Motion To Dismiss filed by the Department of Health and Social Services premised upon the doctrine of sovereign immunity. Plaintiff only appeals the grant of summary judgment in favor of Kent General Hospital, Inc., and Thomas Maxwell,

M.D. premised upon the applicable Statute of Limitations.

**4.** It was on October 15, 1980 that plaintiff went to the office of Honorata Bengzon, M.D., who is also a defendant in this action. Plaintiff's complaint of October 1, 1982, was filed within two years of the alleged negligence of Dr. Bengzon. Therefore, plaintiff is free to pursue the medical malpractice claim against that defendant notwithstanding our holding today.

injury was, in fact, not known to him during the two year period from the date of the injury.[5] In other words, when an inherently unknowable injury becomes known to the plaintiff in the two year period from the alleged date of injury, the plaintiff does not get the additional one year extension provided in 18 *Del.C.* § 6856(1). *See Hiznay v. Strange*, Del.Super., 415 A.2d 489 (1980).

Plaintiff argues that this Court said in *Dunn v. St. Francis Hosp.*, Del.Supr., 401 A.2d 77, 79 (1979), that "the Delaware statute is like the Arizona statute, a hybrid statute. In other words, there is one period (two years) applicable for injuries discoverable at the time of the wrongful act and a different period (three years) for inherently unknowable injuries." *Dunn*, 401 A.2d at 81.

In *Dunn*, we held that "the date upon which such injury occurred", for purposes of Section 6856, was the date of the alleged wrongful act or omission, whether a two or three year Statute of Limitations applied. *Dunn* did not involve the issue of whether a particular injury was subject to a two or three year Statute of Limitations.[6] Therefore, the language plaintiff cites in support of his claim was dicta to our holding in *Dunn*.

Plaintiff also argues that the application of a two year Statute of Limitations to inherently unknowable injuries which are discovered within two years of the injury is arbitrary. Plaintiff forgets that Statutes of Limitation "are by definition arbitrary and their operation does not discriminate between the just and the unjust claim, or the voidable or unavoidable delay." *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945). *See also Order of R.R. Telegra-*

*phers v. Railway Express Agency*, 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944).

Here, the alleged omission is said to have occurred on September 15, 1980. Around May 11, 1981, Dulce Reyes learned of the alleged omission. Since Dulce Reyes knew of the injury within the statutory period of two years from the date of the omission, she had until September 15, 1982 to bring her medical malpractice suit. Therefore, her suit filed on October 1, 1982 was time barred.

### III

■ Plaintiff contends that even if the personal injury claim is time barred, his wrongful death claim is not. Plaintiff argues that the Statute of Limitations on a wrongful death claim does not begin to run until death occurs. Here, the plaintiff's wife died on March 17, 1983. The complaint was amended to include the wrongful death claim on May 9, 1983.

Again, plaintiff's formidable obstacle is the clear language of the applicable Statute of Limitations. The determination of what event initiates the Statute of Limitations for wrongful death actions is essentially an issue of statutory construction. Speiser, *Recovery for Wrongful Death 2d.* § 11:9 (1975). Section 6856 of Title 18, is specifically made applicable to claims for "personal injury which results in death".[7]

As explained earlier, we concluded in *Dunn, supra,* that the Statute of Limitations of Section 6856 begins to run on the date of the alleged wrongful act or omission. The clear language of the statute dictates that whether the action be one for personal injury or personal injury resulting in death, the Statute of Limitations begins

5. We note that it was the intent of the General Assembly by passage of Section 6856, to limit the open-ended aspect of the prior case law of *Layton* in the medical malpractice area. *Dunn v. St. Francis Hosp.*, Del.Supr., 401 A.2d 77, 79 (1979).

6. In *Dunn,* a three year Statute of Limitations was correctly applied since the plaintiff did not know of the injury and could not in the exercise

of reasonable diligence have discovered the injury in the prescribed two year period.

7. Delaware is in accord with at least sixteen other jurisdictions which make the same Statute of Limitations period applicable to ordinary malpractice actions and to malpractice actions resulting in death. Louisell and Williams, *Medical Malpractice* § 13.05, n. 28.

to run on the date of the alleged wrongful act or omission.

Plaintiff argues that to hold the Statute of Limitations as running from the alleged wrongful act or omission in medical malpractice wrongful death claims would be a denial of Due Process and Equal Protection. We reject both of plaintiff's constitutional arguments.

█ We addressed similar Due Process concerns in *Dunn. Dunn* at 80, 81. Section 6856 is not so irrational or unreasonable as applied to wrongful death actions as to violate Due Process. Section 6856, did not create some insuperable barrier to the timely filing of a wrongful death action; that barrier was created by the untimely filing of the personal injury claim. For if, Delce Reyes had timely filed the personal injury suit, a subsequent amendment to add a wrongful death claim would have related back to the original filing of the complaint. Superior Court Rule 15(c).

█ Likewise, we reject plaintiff's Equal Protection argument. Plaintiff has not shown that our holding today is in anyway different than our holdings in other types of wrongful death claims. *See Milford Hospital, Inc. v. Elliott*, Del.Supr., 210 A.2d 858 (1965).[8]

As with the claim for personal injury, the alleged omission which is the basis of the wrongful death claim, took place on September 15, 1980. There was no claim filed against defendants before September 15, 1982. Therefore, like the personal injury claim, the wrongful death claim is time barred.

### IV

We have no alternative but to enforce Section 6856 in accordance with its plain terms despite the somewhat unfortunate result produced. As we have previously stated:

[this Court does not] 'sit as a super legislature to eviscerate proper legislative enactments. If the policy or wisdom of a

particular law is questioned as unreasonable or unjust, then only the elected representatives of the people may amend or repeal it. Judges must take the law as they find it, and their personal predilections as to what the law should be have no place in efforts to override properly stated legislative will.'

*Delaware Solid Waste Authority v. The News Journal Co.*, Del.Supr., 480 A.2d 628, 634 (1984) (quoting *Public Service Commission v. Wilmington Suburban Water Corp.*, Del.Supr., 467 A.2d 446, 451 (1983)).

Therefore, we conclude that plaintiff's medical malpractice personal injury and wrongful death claims, in which the alleged wrongful omission was known to plaintiff within two years from the date of the alleged omission, are barred by 18 *Del.C.* § 6856.

\* \* \* \* \* \*

AFFIRMED.

---

8. We recognize that *Milford Hospital* was decided under the since repealed Section 3704(b) of Title 10. Nevertheless, *Milford Hospital* is still good case law under the newly enacted wrongful death statute of 10 *Del.C.* § 3724.