**Susan A. DRAKE, Individually, and as next friend of Melanie Drake and Danielle Drake, and as Administratrix of the Estate of Robert W. Drake, Plaintiff Below, Appellant,**

v.

**ST. FRANCIS HOSPITAL, a corporation of the State of Delaware, and Ka–Khy-Tze, M.D. Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted: May 23, 1989.

Decided: June 16, 1989.

John T. Owens of John T. Owens, P.A., Wilmington, and Lawrence M. Silverman (argued) of Silverman & Coopersmith, Philadelphia, Pa., for appellant.

F. Alton Tybout and Robert S. Goldman (argued) of Tybout, Redfearn, Casarino & Pell, Wilmington, for appellee St. Francis Hosp.

Gary W. Aber (argued) of Heiman, Aber & Goldlust, Wilmington, for appellee, Ka–Khy–Tze, M.D.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

HOLLAND, Justice:

Robert W. Drake (the "decedent"), died on April 25, 1986. On February 19, 1988, the plaintiffs-appellants, Susan A. Drake, his widow, and Melanie and Danielle Drake, daughters (collectively referred to as "Drake"), filed a wrongful death and survival action in the Superior Court. The complaint alleged that in 1982, the defendants-appellees, St. Francis Hospital ("St. Francis") and Ka–Khy–Tze, M.D. ("Dr. Tze"), had committed medical malpractice during their care and treatment of the decedent. The defendants denied the substantive allegations in the Drake complaint and also asserted that it had been filed beyond the statutory period of limitations.

St. Francis filed a pre-trial motion for summary judgment in the Superior Court on the ground that Drake's action was time-barred. Dr. Tze joined in that motion. In support of their motion, the defendants argued that the medical malpractice statute of limitations, 18 *Del.C.* § 6856, was applicable to Drake's claims, i.e., two years from the date of the alleged negligence in 1982.[1] Drake argued the defendants' motion should be denied because the applicable limitation period was set forth in the wrongful death statute, 10 *Del.C.* § 8107, i.e., two years from the date of the decedent's death in 1986.

The Superior Court granted the defendants' motion for summary judgment. The Superior Court held that the statute of limitations began to run on the Drake claim on the date of the alleged negligent act or omission in 1982, not on the date of the decedent's death in 1986. It found that this Court had previously rejected the precise argument presented to it by Drake in *Reyes v. Kent General Hospital, Inc.*, Del. Supr., 487 A.2d 1142 (1984). Drake has appealed that decision to this Court. We conclude that the Superior Court's determination was correct.

*Facts*

On July 1, 1982, the decedent underwent certain diagnostic studies at the radiology department of St. Francis, in an effort to diagnose a hearing problem. Those studies included a CAT scan of the right and the middle ear. Dr. Tze performed the CAT scan and in a written report concluded that there was "no definitive evidence of mass lesion within the right CP angle."

More than three years later, in February 1986, the decedent experienced bleeding from his right ear. He contacted a physician, other than Dr. Tze, for treatment. In March 1986, it was determined that the decedent was suffering from a glomus jugular tumor. In April 1986, surgery was performed upon the decedent to remove the tumor. The decedent died as a result of medical complications associated with the surgery. Drake's complaint alleges that the glomus jugular tumor was obvious and apparent on the 1982 CAT scan, but was neither reported nor observed by Dr. Tze.

### Wrongful Death/Medical Malpractice/Statute of Limitations

■ The issue raised in this appeal is whether the statute of limitations begins to run on a wrongful death claim for damages arising from a personal injury resulting in death, allegedly caused by medical negligence, on the date of the alleged negligent act or on the date of death. This issue was first addressed in *Milford Memorial Hospital, Inc. v. Elliott*, Del.Supr., 210 A.2d 858 (1965). In *Milford Memorial Hospital, Inc.*, this Court considered whether the former wrongful death statute, 10 *Del.C.* § 3704, gave "a widower a right of action for damages for [medical] negligence causing the death of his wife where, at the time of her death, her right of action for the same negligence would have been barred by the applicable statute of limitations." *Id.* at 859. This Court found that the wrongful death action by the widower was

1. For the purpose of their motion, the defendants permitted the Superior Court to assume that the longer three-year statute of limitations

set forth in 18 *Del.C.* § 6856 was applicable. *See* footnote 2 *infra*.

derivative of the personal injury claim of his deceased wife. *Id.* at 860–61. Therefore, this Court concluded that the validity of a wrongful death action alleging medical malpractice was dependent upon the viability of what would have been the patient's claim for medical negligence, if the patient had survived. This Court stated:

> ... [T]he statutory right of action created by the Wrongful Death Act, while a separate and different right of action than that held by the deceased, nevertheless is held subject to the same infirmities as would have existed in a suit by the deceased if still alive.
>
> ....
>
> ... [T]he existence of a right of action in the plaintiff's wife at the time of her death was a condition precedent to the existence of a right of action in the plaintiff under the Death Act; and that the fulfillment of that condition became impossible by reason of the expiration, prior to her death, of the period of limitations governing the wife's claim ...

*Id.*

The same issue that had been decided in *Milford Memorial Hospital, Inc.* was presented to this Court once again after the enactment of 18 *Del.C.* § 6856.[2] In *Reyes*, we held:

> Plaintiff contends that even if the personal injury claim is time barred, his wrongful death claim is not. Plaintiff argues that the Statute of Limitations on a wrongful death claim does not begin to run until death occurs. Here, the plaintiff's wife died on March 17, 1983. The

complaint was amended to include the wrongful death claim on May 9, 1983. Again, plaintiff's formidable obstacle is the clear language of the applicable Statute of Limitations. The determination of what even initiates the Statute of Limitations for wrongful death actions is essentially an issue of statutory construction. *Section 6856 of Title 18, is specifically made applicable to claims for "personal injury which results in death."*

> As explained earlier, we concluded in *Dunn* [*v. St. Francis*, Del.Supr., 401 A.2d 77 (1979)] that the Statute of Limitations of Section 6856 begins to run on the date of the alleged wrongful act or omission. *The clear language of the statute dictates that whether the action be one for personal injury or personal injury resulting in death, the Statute of Limitations begins to run on the date of the alleged wrongful act or omission.*

*Reyes v. Kent General Hospital, Inc.*, 487 A.2d at 1145–46 (1984) (citation and footnote omitted) (emphasis added).

Drake argues that *Reyes* is inapplicable in the present case because, although it considered the medical malpractice statute of limitations that had been enacted in 1976, it did not consider or address the revised wrongful death statute that had been enacted in 1982.[3] We find that Drake's argument is contradicted by the express language of the *Reyes* decision. The revised wrongful death statute was clearly before this Court in *Reyes*. The amended complaint in *Reyes* was filed on

---

**2.** Before 1976, there was no specific statute of limitations for actions alleging medical negligence. However, this Court held that 10 *Del.C.* § 8118 (now 10 *Del.C.* § 8119), the statute of limitations for personal injury claims, also applied to an action for medical malpractice. *Layton v. Allen*, Del.Supr., 246 A.2d 794, 796 (1968). In 1976, the General Assembly set forth comprehensive provisions relating to medical malpractice litigation by enacting Chapter 68 of Title 18 of the Delaware Code. That chapter set forth a specific statute of limitations for medical malpractice claims, 18 *Del.C.* § 6856. The new statute of limitations, Section 6856, applies specifically to medical malpractice claims and sets forth a two year period of limitations from the date of injury. 18 *Del.C.* § 6856(1). "The statute provides for only two circumstances under

which the two year period may be extended: (1) where the injury was unknown and could not have been discovered in the exercise of reasonable diligence during the two years, in which case an action may be brought within three years from the date of injury [§ 6856(1)]; and (2) where the injured party is under the age of six years, in which case, under certain circumstances, the action may be brought at any time up to the child's sixth birthday [§ 6856(2)]." *Ewing v. Beck*, Del.Supr., 520 A.2d 653, 658 (1987).

**3.** The legislature repealed 10 *Del.C.* § 3704(b), and enacted 10 *Del.C.* §§ 3721–3725, effective December 1, 1982.

May 9, 1983, six months after the effective date of the revised wrongful death statute, 10 *Del.C.* § 3724. Moreover, in footnote eight of the *Reyes* opinion, this Court specifically recognized "that *Milford [Memorial] Hospital, [Inc.]*, is still good case law under the *newly* enacted wrongful death statute of 10 *Del.C.* § 3724." *Reyes v. Kent General Hospital, Inc.*, 487 A.2d at 1146 n. 8.

Drake's alternative argument is that *Reyes* was incorrectly decided and should be overruled. Drake contends that the statute of limitations in the revised wrongful death statute applies to *all* actions for damages resulting in death, including a medical malpractice wrongful death claim. In support of this contention, Drake argues when the General Assembly revised the wrongful death statute in 1982, it did not explicitly provide an exception for wrongful death claims resulting from alleged medical malpractice. Drake suggests that if the General Assembly had intended to have 18 *Del.C.* § 6856 applied to medical malpractice wrongful death claims, it would or should have amended the previously enacted medical malpractice statute to specifically include wrongful death claims within its provisions, when it revised the wrongful death statute.[4]

Drake's statutory argument, to the extent that it implies a need for additional affirmative action by the General Assembly in 1982, disregards the fact that the malpractice statute of limitations, 18 *Del.C.* § 6856, which became effective on April 26, 1976, already expressly applied to claims against a health care provider for personal injuries, including *"personal injury which results in death, arising out of malpractice."* 18 *Del.C.* § 6856 (emphasis added). Moreover, the 1982 wrongful death statute itself almost precisely adopts the rationale of *Milford Memorial Hospital, Inc.*, quoted above, recognizing the derivative nature of a wrongful death action based upon medical malpractice.

"Wrongful act" means an act, neglect or default including a felonious act which would have entitled the party injured to maintain an action and recover damages if death had not ensued.

10 *Del.C.* § 3721(4).

Drake concedes that the decedent would have been barred from asserting any medical malpractice claim during his life. But, Drake argues that the purpose of the revised wrongful death statute was to create "new" causes of action. However, the statutory right of action created by the Delaware wrongful death statute has *always* been a separate and different right of action than that held by the deceased. *Milford Memorial Hospital, Inc. v. Elliott*, 210 A.2d at 860. Nevertheless, in this jurisdiction, it has been "held subject to the same infirmaties as would have existed in a suit by the deceased if still alive." *Id.*

The General Assembly's purpose in revising Delaware's wrongful death statute is expressly set forth in the Delaware Code. It was to "permit the recovery of damages not limited to pecuniary losses by persons injured as the result of the death of another person." 10 *Del.C.* § 3725. There is no evidence in the revised wrongful death statute of any legislative intention to modify or eliminate in any way the applicability of the pre-existing medical malpractice statute of limitations to wrongful death actions, which alleged that theory as a basis for recovery.

### Conclusion

■ The current wrongful death statute, specifically Section 3721(4) of Title 10 of the Delaware Code, imposes a condition precedent to the accrual of a wrongful death cause of action by Drake, i.e., the decedent's ability to have maintained an action and recovered damages, if death had not ensued. In this case, the decedent's medical malpractice action was time barred by the provisions of 18 *Del.C.* § 6856. Therefore, no cause of action for wrongful

---

4. In support of this argument, Drake relies exclusively on *Johnson v. Physicians Anesthesia Service, P.A.*, 621 F.Supp. 908 (D.Del.1985). The *Johnson* court must have been unaware of this Court's decision in *Reyes*. Although *Johnson* was decided approximately one year after *Reyes*, the issue before it was treated as one of first impression in Delaware.

death ever "accrued" in his survivors. The Superior Court's decision, granting the defendant's motion for summary judgment, is AFFIRMED.