**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

CANDY VAUGHN, as administratrix of the　　　)
ESTATE OF JAMES VAUGHN, CANDY　　　　)
VAUGHN as wife of James Vaughn, and CANDY　)
VAUGHN in her own right,　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)　　C.A. No. N13C-07-132 ALR
　　　　　　　　　　　　　　　　　　　)
JEFFREY I. JACKERSON, D.O. and MILFORD　)
MEMORIAL HOSPITAL and ADAM S.　　　　)
BROWNSTEIN, M.D. and MILFORD　　　　　)
MEDICAL ASSOCIATES, PA and RONALD　　)
M. LIEBERMAN, D.O. and DELAWARE　　　)
SPINE INSTITUTE and KENT DIAGNOSTIC　)
RADIOLOGY ASSOCIATES, PA　　　　　　)
　　　　　　Defendants.　　　　　　　　)

**Submitted: November 19, 2014
Decided: November 24, 2014**

**Upon Defendants' Motions for Summary Judgment**
*DENIED*

**Upon Defendant Milford Memorial Hospital's Motion to Dismiss**
*DENIED*

Edward J. Fornias, III, Esquire of Schmidt Kirfides & Fridkin, Wilmington, Delaware, attorney for Plaintiffs.

Bradley J. Goewert, Esquire and Joshua J. Inkell, Esquire of Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware, attorneys for Defendants Jeffrey I. Jackerson, D.O. and Kent Diagnostic Radiology Associates, P.A.

Gregory S. McKee, Esquire of Wharton Levin Ehrmantraut & Klein, P.A., attorney for Defendants Adam S. Brownstein, M.D. and Milford Medical Associates, P.A.

John A. Elzufon, Esquire and Kara A. Hager, Esquire of Elzufon Austin Tarlov & Mondell, P.A., for Defendants Ronald M. Lieberman, D.O. and Delaware Spine Institute.

James E. Drnec, Esquire and Melony Anderson, Esquire of Balick & Balick, LLC, attorneys for Defendant Milford Memorial Hospital.

**Rocanelli, J.**

This is a medical malpractice and wrongful death action. Defendants seek judgment on the grounds that Plaintiffs' lawsuit was not filed within the applicable statutes of limitation.[1] In addition, Defendant Milford Memorial Hospital seeks to dismiss the action against it on the grounds that service was not perfected in a timely manner. Plaintiffs contend that the case was filed in a timely manner, and that service was perfected within the time allowed by Court Order and was therefore timely.

**1. Defendants' Contention that Suit was Not Filed Within the Applicable Statutes of Limitation**

James Vaughn had an x-ray of his hip on September 29, 2010. Cancer was not diagnosed at this time. James Vaughn had another x-ray of his hip and femur on July 20, 2011. On or about July 20, 2011, a CAT scan was also performed. The July 20, 2011 diagnostic test results were suspicious for malignancy, and James Vaughn started treatment for cancer shortly thereafter. James Vaughn died on June 1, 2012 from cancer and/or complications caused by the cancer. This lawsuit was filed on July 11, 2013.

---

[1] By Opinion and Order dated December 13, 2013, the Court denied a similar motion for summary judgment without prejudice, allowing certain facts that may be revealed during discovery that might support Defendants' claim that the statute of limitations had run. By Order dated December 13, 2013, the Court denied Defendants' Motion for Reargument.

Assuming *arguendo* for the purposes of the motion for summary judgment that there was a negligent act, Defendants contend that the negligent act took place on September 29, 2010 when the x-ray of James Vaughn was misread. Defendants concede, for the purposes of this motion, that James Vaughn should have been informed that the September 29, 2010 x-ray was suspicious for cancer. Therefore, according to Defendants, the two-year statute of limitations for medical negligence started to run on September 29, 2010, and expired on September 30, 2012. Moreover, according to Defendants, Plaintiffs' claim must have been filed by September 30, 2012 because Plaintiffs should have been aware of the medical negligence of September 29, 2010, in July 2011 when the diagnostic tests (which occurred within the two-year statute of limitations) showed the presence of cancer.

## 2. Plaintiffs Contend that Suit was Filed in a Timely Manner

Plaintiffs argue that Plaintiffs were not aware of the September 29, 2010 act of medical negligence until about January 2013, when Plaintiff's counsel informed Plaintiffs that James Vaughn should have been informed that the September 29, 2010 x-ray showed a suspicious malignancy. Plaintiffs contend that the three-year statute of limitations applies and, therefore, Plaintiffs filed this lawsuit well within the applicable statute of limitations.

### 3. The Standard of Review for Motions for Summary Judgment

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] The moving party bears the initial burden of proof, and once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[3] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[4]

### 4. Statutes of Limitations

The medical malpractice statute provides that a cause of action cannot be brought after two years from the date the injury occurred.[5] When a single action of medical negligence is alleged, the "injury occurs when the wrongful act or omission occurs."[6] On the other hand, when an action for continuous medical treatment is alleged, then "the injury occurs at the time of the last act in the negligent medical continuum."[7] However, the statute creates an exception when the injury "was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person," in which case an action may be

---

[2] Super. Ct. Civ. R. 56.
[3] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).
[4] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[5] 18 *Del. C.* § 6856.
[6] *Dambro v. Meyer*, 974 A.2d 121, 126 (Del. 2009) (citation omitted).
[7] *Id.*

3

brought three years from the date the injury occurred.[8]  In order to utilize the three year statutory period, "[the plaintiff] must show that the injury could not reasonably have been known [], and that the injury was, in fact, not known to [the plaintiff] during the two year period from the date of the injury."[9]

Under the wrongful death statute, a cause of action cannot be brought after two years from "the accruing of the cause of such action."[10]  "[A] cause of action for wrongful death accrues when a qualifying survivor is chargeable with knowledge of a potential cause of action, *i.e.*, when the survivor does or should become aware of the cause of the decedent's death which gives rise to liability for wrongful death."[11]  A wrongful death action that alleges medical malpractice depends on the whether the decedent's claim for medical negligence would be viable, had the decedent survived.[12]  Thus, the statute of limitations for the medical malpractice action, which "begins to run on the date of the alleged wrongful act or omission," must be met in order for a wrongful death action based on medical negligence to be a viable claim.[13]

---

[8] 18 *Del. C.* § 6856(1).

[9] *Reyes v. Kent Gen. Hosp., Inc.*, 487 A.2d 1142, 1144-45 (Del. 1984).

[10] 10 *Del. C.* § 8107;

[11] *In re Asbestos Litig. West Trial Grp.*, 622 A.2d 1090, 1092 (Del. Super. 1992).

[12] *Drake v. St. Francis Hosp.*, 560 A.2d 1059, 1060-61 (Del. 1989) (citing *Milford Mem'l Hosp., Inc. v. Elliott*, 210 A.2d 858, 869 (Del. 1965)).

[13] *Drake*, 560 A.2d at 1061 (citing *Reyes*, 487 A.2d at 1145-46).

### 5. Court's Analysis Regarding Statutes of Limitation

The Court rejects Defendants' contention that Plaintiffs knew or should have known when James Vaughn was diagnosed with cancer in or about July 2011 that an act of medical negligence occurred on September 29, 2010. The record evidence does not support this position.[14] To the contrary, the Court accepts Plaintiffs' representation that Plaintiffs were not aware that the September 29, 2010 x-ray was suspicious for a malignancy until about January 2013. The Court finds that the filing of this lawsuit on July 11, 2013 was timely and is not barred by any statute of limitations. This conclusion is supported by the factual record and is consistent with the decisional law.

### 6. Milford Memorial Hospital's Motion to Dismiss

Defendant Milford Memorial Hospital seeks to dismiss the action against it, with prejudice, on the grounds that service was not perfected in a timely manner and Defendant cannot demonstrate "good cause" for its delay. Plaintiffs argue that Defendant Milford Memorial Hospital's motion is moot because the Court already considered the issue of timely service in its October 9, 2014 Order granting Plaintiffs' motion to enlarge time for service.

---

[14] The Court does not agree with Defendants' contention that Candy Vaughn's deposition testimony supports a finding that Plaintiffs knew as of July 20, 2011 that the September 29, 2010 x-ray was suspicious for cancer.

Pursuant to Superior Court Civil Rule 4(j), "an action must be dismissed if service is not made within 120 days of filing the complaint, unless good cause is shown why timely service was not made within that time period."[15] A showing of "good cause" requires a plaintiff to demonstrate "good faith and excusable neglect" for its delay in effecting service, despite making reasonable efforts to comply with Rule 4.[16]

The Court rejects Defendant Milford Memorial Hospital's argument that the action against it must be dismissed for untimely service because service was timely in light of this Court's Order dated October 9, 2014, granting Plaintiffs an additional sixty days to effect service upon Defendant Milford Memorial Hospital.[17] On October 8, 2014, Plaintiffs' filed a motion for an enlargement of time to perfect service upon Defendant Milford Memorial Hospital because the Kent County Sheriff never received the Writ issued by the Court on August 1, 2013, and thus, did not make service upon Defendant Milford Memorial Hospital. In light of the Sheriff's non-receipt, this Court granted Plaintiff's motion to enlarge the time for service. About two weeks later, on October 23, 2014, service was perfected upon Defendant Milford Memorial Hospital.

---

[15] *Larimore v. Stella*, 2003 WL 22064107, at \*2 (Del. Super. Aug. 29, 2003).
[16] *Id.*
[17] *See DeSantis v. Chilkotowsky*, 2005 WL 1653640, at \*2 (Del. June 27, 2005) (affirming the trial court's dismissal of an action where, among other things, the plaintiff failed to request an enlargement of time to perfect service).

Furthermore, despite its contentions, the Court finds that Defendant Milford Memorial Hospital has not suffered prejudice because of the delayed service. Indeed, only one deposition (the deposition of Candy Vaughn) has taken place in the course of discovery for this case. Depositions of Candy Vaughn's children and the Defendant doctors have not yet been taken and Plaintiffs offered Defendant Milford Memorial Hospital the opportunity to re-depose Candy Vaughn if Defendant desires.

The Court finds that service was timely pursuant to the October 9, 2014 Court Order and that Defendant Milford Memorial Hospital has not—and will not—suffer any prejudice as a result of this decision. Additionally, this decision is consistent with the factual record, decisional law, and Delaware's public policy in favor of disposition of cases on the merits rather than by procedural default.[18]

**NOW, THEREFORE, IT IS HEREBY ORDERED this 24th day of November 2014, Defendants' Motions for Summary Judgment are hereby DENIED and Defendant Milford Memorial Hospital's Motion to Dismiss is hereby DENIED.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**

---

[18] *Larimore*, 2003 WL 22064107, at *2 (citation omitted).