# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **CHAROLETTE SKINNER,** **Individually and on behalf of the** **Estate of ALBERT SKINNER;** **JUDITH POWERS; and BRUCE** **SKINNER,** | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | **C.A. No.: N20C-09-178 FJJ** |
| v. | ) ) | |
| **PENINSULA HEALTHCARE** **SERVICES, LLC, a Delaware** **Limited Liability Company,** **Individually and d/b/a CADIA** **REHABILITATION** **RENAISSANCE; and LONG** **TERM CARE CORP.,** | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: March 15, 2021
Decided: March 19, 2021

## ORDER ON DEFENDANT'S  MOTION FOR REARGUMENT:  DENIED

*Kelley M. Huff, Esquire,* Shelsby & Leoni, Wilmington, Delaware, Attorneys for Plaintiffs

*Maria R. Granaudo Gesty, Esquire,* Burns White LLC, Wilmington, Delaware, Attorneys for Defendants

**Jones, J.**

On March 1, 2021 this Court issued an Opinion and Order finding that plaintiffs' Wrongful Death Claims were not subject to binding arbitration and denying Defendant's Motion to Stay the instant action until the survivor claims had been arbitrated. Defendant has moved for reargument on both decisions. For the reasons stated below Defendant's Motion is DENIED.

## STANDARD OF REVIEW

A motion for reargument permits a trial court to reconsider its findings of fact, conclusions of law, or judgment.[1] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59.[2] The moving party has the burden to demonstrate the Court must correct an error of law or prevent manifest injustice deriving from its judgment.[3] A Rule 59(e) application is not an avenue for the moving party to raise new arguments or rehash arguments already decided by the Court."[4] And such motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would affect the outcome of the decision" challenged.[5] Upon a Rule 59(e)

---

[1] *See Ramon v. Ramon,* 963 A.2d 128, 135 (Del. 2008) ("A motion for reargument is the proper device for seeking reconsideration by the Trial Court of its findings of fact, conclusions of law, or judgment.") (internal citations omitted.)

[2] *Kostyshyn v Comm'rs of Town of Bellefonte*, 2007 WL 1241875, at \*1 (Del. Super. Ct. Apr. 27, 2007)..

[3] *See Hesslr, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969) ("manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors").

[4] *Maravilla-Diego v. MBM Construction, II, LLC.*, 2015 WL 5055955, at \*1 (Del. Super. Ct. Aug. 27, 2015) (citing cases).

[5] *Commings v. Jimmy's Grille, Inc.* 2000 WL 1211167, at \*2 (Del. Super. Ct. Aug 9, 2000).

reargument motion, the Court "will determine from the motion and answer whether reargument will be granted."[6]

## ANALYSIS

Defendant claims that the Court's original decision overlooks the Supreme Court decision in *Deuley, et.al. v Dyncorp In'L, Inc., et.al.*, *A3d 1156 (2010)[7] and Deuley requires that the wrongful death claims be arbitrated. In Deuley an employee signed a release which provided that the acceptance of insurance benefits was the exclusive remedy for any cause of action related to his employment including a wrongful death claim. The Supreme Court held that the decedents "waive their eligible survivors wrongful death claims" by signing the release. While the Supreme Court recognized that a wrongful death claim is a separate and distinct claim, in Delaware, the Court held that a wrongful death action is held subject to the same infirmities as would have existed in a suit by the deceased if still alive. According to defendant, *Deuley and Drake v. St. Francis Hosp.,* 560 A.2d 1059 (Del. 1989), dictates that this Court require the wrongful death claims to be submitted to binding arbitration.

*Deuley and Drake* stand for the same legal principle- a condition precedent to a wrongful death action is "the decedent's ability to have maintained an action

---

[6] Super. Ct. Civ. R. 59(e).
[7] The Court notes that this decision was decided in 2010 and not cited to the Court at any point prior to the instant Motion for Reargument.

and recover damages, if death had not ensured". In these cases, the decedents' inability to maintain an action and recover damages means that the condition precedent for a wrongful death claim was not met and therefore the wrongful death claims were precluded. In the instant action the decedent has a viable claim. It is not untimely as in Drake and it has not been waived as in *Deuley*. The submission of decedent's claim to arbitration does not destroy the viability of his claim, it simply changes the venue. Because the decedent has the ability to maintain an action and recover damages, the condition precedent has been met and the independent wrongful death claims are actionable. As the wrongful death beneficiaries have an independent cause of action, have a right to a jury trial and have not waived that right,[8] the binding arbitration provision has no application to them.

In the alternative Defendant again urges this Court to reconsider its decision denying its application to stay the wrongful death claims pending resolution of the survivor claims in arbitration. This time Defendant cites the Court to the Pennsylvania decision in *Clouser v Golden Gate National Senior Care*, 2017 4546626 (U.S.D C. W. D PA., 2017). In its original decision this Court relied upon the decision in *Mendez v. Puerto Rican Intern*., Co., Inc 553. F3d. 709 (3rd Cir., 2009). The Court remains convinced that Mendez is the better approach and

---

[8] *Hylak v Manor Care Pike Creek of Wilmington*, 2017 WL 3499923 (Del. Super. 2017).

declines Defendant's invitation to stay these proceedings.[9]  Nothing in this Court's decision

Having found that the Defendant has not met the requirements of Rule 59(e) Defendant's Motion for Reargument be and hereby is DENIED

**IT IS SO ORDERED**.


_/S/ Francis J. Jones_
Francis J. Jones, Judge


cc:     File&ServeXpress

---

[9] Defendant argues that this Court's decision could lead to the possibility of two inconsistent results: one from the arbitration in the survivor action and one from a jury in the instant wrongful death action.  Nothing in this decision should be read by the parties to preclude them from having this Court consider the effect of any arbitration decision on this action if the arbitration decision is concluded before trial in this matter.