## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHAMEEKA ROBINSON, GUARDIAN OF DERRICK CRAWFORD, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: N22C-09-522 SPL |
| REGAL HEIGHTS HEALTHCARE & REHAB CENTER, LLC d/b/a REGAL HEIGHTS HEALTHCARE & REHABILITATION CENTER, and NATIONWIDE HEALTHCARE SERVICES, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: July 10, 2023
Decided: September 6, 2023

*Upon Defendants', Regal Heights Healthcare & Rehab Center, LLC d/b/a Regal Heights Healthcare & Rehabilitation Center and Nationwide Healthcare Services, Motion to Dismiss,* **GRANTED**

**ORDER**

This 6th day of September 2023, upon consideration of Defendants', Regal Heights Healthcare & Rehab Center, LLC d/b/a Regal Heights Healthcare & Rehabilitation Center ("Regal Heights"), and Nationwide Healthcare Services ("Nationwide Healthcare") (collectively "Defendants"), Motion to Dismiss,[1]

---

[1] D.I. 11.

Plaintiff's responses,[2] Defendants' reply,[3] and the July 10, 2023, argument, it appears to the Court that:

## BACKGROUND

1. Chameeka Robinson ("Robinson"), guardian of Derrick Crawford ("Crawford"), seeks damages from Regal Heights and Nationwide Healthcare for injuries Crawford allegedly sustained while housed and treated at the Regal Heights facility on Lancaster Pike in Hockessin, Delaware.[4] In her September 19, 2022, complaint, Robinson alleges, "[b]ased upon Defendant's negligence and other tortious misconduct . . . Crawford suffered substantial injury and damages."[5]

2. Crawford resided at Regal Heights from November 30, 2018, to July 1, 2020.[6] Due to a number of serious medical conditions, he required skilled nursing care.[7] Crawford received nourishment through a percutaneous endoscopic gastrostomy ("PEG") tube which fell out repeatedly in January and February 2020.[8] Robinson requested that Crawford be sent to a hospital for surgical repair of the PEG

---

[2] D.I. 16, 21.

[3] D.1. 24.

[4] Compl. (D.I. 1) at ¶ 1-2.

[5] *Id.* at ¶ 23.

[6] *Id.* at ¶ 9.

[7] *Id.* at ¶11.

[8] *Id*. at ¶ 12.

tube, but the procedure was conducted at the Regal Heights facility.[9] Robinson contends that, during the procedure, Crawford's stomach was "clamped incorrectly, resulting in gastrointestinal bleeding and blood in his urine and stool."[10]

3. In March 2020, due to precautions prompted by the COVID-19 pandemic, Regal Heights prohibited Robinson from visiting Crawford.[11] On July 2, 2020, after failed attempts to contact the facility by telephone, Robinson contacted emergency services to gain access to her son.[12]

4. After reuniting with Crawford on July 2, 2020, Robinson observed mold growing around Crawford's "neck and clavicle area near his spinal collar, . . . pressure wounds on his heels, and his toenails were falling off at the cuticle."[13] Crawford was admitted to Christiana Care Health Services ("CCHS") care the same day.[14]

5. Subsequent medical treatment revealed that Crawford's "PEG tube was malfunctioning causing partial gastric outlet obstruction"[15] and that Crawford

---

[9] *Id*. at ¶ 13-14. The complaint does not assert the date of this procedure.

[10] *Id*. at ¶ 14.

[11] *Id*. at ¶ 17.

[12] *Id*. at ¶ 18.

[13] *Id*. at ¶ 19.

[14] *Id*. at ¶ 20.

[15] *Id*. at ¶ 21.

suffered from left lower lobe pneumonia "due to aspiration with recent nausea and vomiting secondary to possible duodenal obstruction from PEG tube malposition."[16]

6.     Robinson's September 19, 2022, complaint alleges that the statute of limitations was tolled by operation of 18 *Del. C.* § 6856(4) because she sent notices of intent to Regal Heights and Nationwide Healthcare on August 8, 2022.[17]

7.     In lieu of an answer, on October 18, 2022, Defendants moved to dismiss the complaint, arguing that "it was filed after the applicable Statute of Limitations and the Notice(s) of Intent sent after the expiration of the State of Limitations are invalid."[18] Robinson does not dispute that the complaint was filed beyond the two-year statute of limitations set forth in 18 *Del. C.* § 6856, but contends subsections (1) and (4) of that section operate to save her otherwise untimely filing.[19]

---

[16] *Id*. at ¶ 22.

[17] *Id*. at ¶¶ 6, 7.

[18] Def. Mot. Dism. (D.I. 11) at ¶ 10.

[19] Robinson's complaint invokes the 90-day tolling provision of 18 *Del. C.* § 6856(4), and her "Amended Response in Opposition to Defendant's Motion to Dismiss" asserts the statute of limitations extension found in 18 *Del. C.* § 6856(1). At oral argument, Robinson informed the Court that she intended to rely solely on § 6856(1) to save her complaint. Nonetheless, the Court addresses both provisions and concludes that neither saves her untimely complaint.

**STANDARD OF REVIEW**

8.     A defendant must "raise the defense of limitations in either a motion to dismiss or as an affirmative defense in a responsive pleading."[20]  "A dismissal is appropriate where a plaintiff would not be entitled to relief under any set of conceivable circumstances susceptible to proof under the complaint."[21]  In considering a motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true.[22]  "Statutes of limitation 'are by definition arbitrary and their operation does not discriminate between the just and the unjust claim, or the voidable or unavoidable delay.'"[23]

**ANALYSIS**

9.     Under 18 *Del. C.* § 6856, "[n]o action for the recovery of damages upon a claim against a health-care provider for personal injury, including personal injury which results in death, arising out of medical negligence shall be brought after the expiration of 2 years from the date upon which such injury occurred."[24]

---

[20] *Moore v. Christiana Care Health System, Inc.*, 2017 WL 2729562, at *1 (Del. Super. Ct. June 16, 2017) (quoting *Verrastro v. Bayhealth Med. Ctr., Inc.,* 119 A.3d 676, 679-80 (Del. Super. Ct. 2015)).

[21] *Santo v. Genesis Healthcare, Inc.*, 2023 WL 3493880, at *2 (Del. Super. Ct. May 16, 2023).

[22] *Id.*

[23] *Reyes v. Kent General Hosp., Inc.,* 487 A.2d 1142, 1145 (Del. 1984) (cleaned up).

[24] 18 *Del. C.* § 6856.

10. Defendants contend that the statute of limitations expired on July 1, 2022,[25] thus "there was no Statute of Limitations to toll or abate" when Robinson sent the Notices of Intent on August 8, 2022.[26] Robinson responds that the "malfunctioning PEG tube was only discovered after Mr. Crawford was removed from the Regal Heights center and admitted to a local hospital."[27] In her complaint, Robinson asserted her August 8, 2022 notices invoke 18 *Del. C.* § 6856(4) to toll the two-year statute of limitations,[28] and, citing 18 *Del. C.* § 6856(1) in her response to Defendants' motion to dismiss, she argues "[t]he fact that there were no further problems at that time does not mean that Mr. Crawford and Mrs. Robinson did not deserve an extended observation period in which to assess [Crawford] and his condition, while under the care of different, more competent medical staff."[29] For the reasons that follow, the Court finds that neither 18 *Del. C.* § 6856(1) nor (4) save Robinson's untimely complaint and grants Defendants' motion to dismiss.

11. Robinson fails to identify the date of the alleged wrongful act committed upon Crawford. To assess the timeliness of Robinson's complaint, the

---

[25] Def. Mot. Dism. at ¶ 11. It appears that Defendants liberally construe the complaint to assert continuing negligent care terminating on July 1, 2020.

[26] *Id.* at 12.

[27] D.I. 21 at 3, ¶3.

[28] Compl. at ¶¶ 6, 7

[29] Pl. Am. Resp. to Def. Mot. Dism. at 4-5, ¶7.

Court must establish a date on which the statute of limitations begins to run. Delaware has adopted the doctrine of continuing negligent medical treatment which holds the "date upon which the injury occurred" is the last act in the negligent medical continuum.[30] Drawing all reasonable inferences in favor of Robinson, the Court finds that, applying the continuing negligent medical treatment doctrine to the facts of this case, it is reasonably conceivable that the last negligent act occurred on July 2, 2020 – the final day Crawford was in the care of Regal Heights.[31] Thus, unless an exception applies, the statute of limitations for Robinson's complaint expired on July 2, 2022.

A. *Title 18, Section 6856(1)*

12.     Title 18, section 6856(1) provides an extension to the 2 year statute of limitations where the injury "was unknown to and could not in the exercise of reasonable diligence have been discovered by the injured person, such action may be brought prior to the expiration of 3 years from the date upon which such injury occurred, and not thereafter."[32] However, "[w]hen an inherently unknown injury becomes known to the plaintiff in the two-year period from the alleged date of injury,

---

[30] *Moore v. Christiana Care Health System, Inc.*, 2017 WL 2729562, at * 2 (Del. Super. Ct. June 16, 2017).

[31] Compl. at ¶ 9.  Defendants appear impose the continuing negligent medical treatment doctrine in setting the date of injury as the date Crawford left the Regal Heights facility.

[32] 18 *Del. C.* § 6856(1).

the plaintiff does not get the additional one-year extension provided in 18 *Del. C.* § 6856(1)."[33]

13.    Robinson's reliance upon *Layton v. Allen*[34] is misplaced, Defendants correctly assert that *Layton* is superseded by statute. Title 11, Section 6856(1) eliminated the uncertainty of the open-ended limitations period previously provided by *Layton*[35] by codifying the "'inherently unknowable' injury rule of the Layton case and [limiting] it to three years."[36] The limitations period runs from "the time when the wrongful act occurred and not when that act was discovered."[37]

14.    Robinson argues that because Crawford was unable to alert others of his injury, it was up to others, presumably medical providers or family members, to discover his injuries.[38] But, it is clear that Robinson became aware of Crawford's alleged injuries at the time of, or immediately after, his transfer from Regal Heights to CCHS on July 2, 2020.[39]

---

[33] *Reyes v. Kent Gen. Hosp., Inc.,* 487 A.2d 1142, 1145 (Del. 1984).

[34] 246 A.2d 794, 797 (Del. 1968).

[35] *Id.*

[36] *Dunn v. St. Francis Hosp., Inc.,* 401 A.2d 77, 79 (Del. 1977) (cleaned up).

[37] *Id.* at 81; 18 *Del. C.* § 6856.

[38] Pl. Am. Resp. to Def. Mot. to Dism. at 4-5, ¶ 7.

[39] Pl. Am. Resp. to Def. Mot. to Dism. at 3, ¶3.

15. On July 2, 2020, Crawford left Regal Heights and reunited with Robinson.[40] Crawford was then transferred to CCHS and received medical attention that same day.[41] After July 2, 2020, Robinson and hospital medical personnel had full access to Crawford; through the exercise of reasonable diligence, Robinson could have – and, in fact, did – discover Crawford's injuries within the two-year statute of limitations. Because she was aware of Crawford's injuries during the two-year period, Robinson is not entitled to the one-year extension provided by 18 Del. C. § 6856(1).

B. *Title 18, Section 6856(4)*

16. Title 18, section 6856(4) permits a plaintiff to toll the two-year statute of limitations "for a period of time up to 90 days from the applicable limitations contained in this section by sending a Notice of Intent to investigate to each potential defendant or defendants by certified mail, return receipt requested, at the defendant's or defendants' regular place of business."[42] But, "to stop the running of the statute of limitations, it must not already have run."[43]

---

[40] Compl. at ¶ 19.

[41] *Id.*

[42] 18 Del. C. § 6856(4).

[43] *Condon v. Neighborcare, Inc.*, 2006 WL 307501, at *4 (Del. Super. Ct. Nov. 15, 2001).

17.  In her complaint, Robinson asserted that her August 8, 2022, Notices of Intent served to toll the running of the statute of limitations.  However, at the time she sent the notices, the statute of limitation had run.  Thus, section 6856(4) does not save Robinson's untimely complaint.

## CONCLUSION

18.  Robinson's complaint, filed over two-years after the last date Crawford resided in the Defendants' care, is not saved by 18 *Del. C.* § 6956(1) or (4). Crawford's injuries were known to Robinson within the two-year time-period, and her effort to toll the running of the limitations period was too late; the limitation period cannot be tolled (or rejuvenated) after its expiration.  Defendants' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge

oc:  Prothonotary
cc:  David Crumplar, Esq. *via* File & ServeXpress
     Lisa M. Grubb, Esq. *via* File & ServeXpress